Heather STROHMEYER, individually
and as executrix of the estate of
Fritz Strohmeyer, Plaintiff

v.

METROPOLITAN LIFE INSURANCE
CO. and DAY BERRY & HOWARD,
LLP, Defendants

No. 3:04CV1808(WWE).

United States District Court,
D. Connecticut.

April 12, 2005.

David Scott Feldman, Philip Russell, LLC, Greenwich, CT, for Plaintiff.

Erin O'Brien Choquette, Theodore J. Tucci, Robinson & Cole, James M. Sconzo, Jonathan C. Sterling, Halloran & Sage,

Victoria Woodin Chavey, Day, Berry & Howard, Hartford, CT, for Defendants.

### RULING ON PLAINTIFF'S MOTION TO REMAND

EGINTON, Senior District Judge.

In this action, plaintiff Heather Strohmeyer sues her deceased husband's employer, Day Berry & Howard, LLP, and its life insurance carrier, Metropolitan Life Insurance Company, for negligence in the handling of the deceased's conversion of benefits. Defendant Metropolitan Life Insurance Company removed this case from state court based on ERISA preemption. Plaintiff now moves for remand of this action. For the following reasons, the motion to remand will be denied.

### BACKGROUND

The following factual background is reflected in the allegations of the complaint and the moving papers.

In September, 1998, Fritz Strohmeyer commenced employment at Day Berry & Howard. At that time, he enrolled in a group life insurance policy issued by defendant Metropolitan Life Insurance Company. The relevant plan documents designate Day Berry & Howard as its plan administrator with "full and exclusive authority to interpret and construe the terms of the Plan and reconcile any ambiguities therein, including the terms respecting eligibility for and payment of benefits under the Plan...."

In August, 1999, Mr. Strohmeyer was diagnosed with cancer. In October, 2001, he could no longer work a full time schedule due to his illness and treatment. However, he continued his employment with Day Berry & Howard by working a few hours per day. As a result of this abbreviated schedule, Day Berry & Howard discontinued his employee benefits, including his life insurance coverage, effective October 31, 2001.

On November 12, 2001, Day Berry & Howard sent a certified letter to Mr. Strohmeyer informing him that his life insurance policy was cancelled as of October 31, 2001. The letter was accompanied by a conversion of benefits form which would have allowed Mr. Strohmeyer to convert his group policy into an individual life insurance policy. This form needed to be completed and faxed back to the life insurance company within 30 days of cancellation, or by November 30, 2001.

Defendant Metropolitan Life Insurance Company never received this conversion form.

Mr. Strohmeyer passed away on November 19, 2003. Plaintiff was thereafter appointed as executrix of his estate. Upon Mr. Strohmeyer's death, plaintiff made a claim against defendant Metropolitan Life Insurance Company for benefits under the group life policy. She was informed that the policy had been cancelled and had never been converted into an individual policy.

### DISCUSSION

In her complaint, plaintiff alleges that the loss of proceeds from the insurance policy was a direct and proximate result of the defendant Day Berry & Howard's negligence. The alleged negligent acts by defendant Day Berry & Howard's human resources department include, *inter alia*, failure to discuss or explain adequately the ramifications of the decision to terminate the deceased's group life insurance policy; failure to inform him adequately of his conversion right other than in one letter detailing all of his "COBRA" issues; and failure to provide timely notice of the termination. As to defendant Metropolitan Life Insurance Company, plaintiff asserts

that it was negligent by failing to determine Mr. Strohmeyer's intentions regarding the continuation of the policy, failing to advise him of the consequences of his failure to convert to an individual policy, and failing to inquire whether he intended to exercise his conversion rights.

Plaintiff argues that remand is appropriate because the negligent acts were not performed by plan fiduciaries and therefore ERISA preemption is not in issue. Defendants counter that ERISA preempts plaintiff's state law negligence claims and therefore removal is proper.

 The Court first considers whether plaintiff's claim is appropriately preempted by ERISA. The determination of whether a state law is preempted by ERISA requires two prongs of analysis. *Plumbing Industry Board, Plumbing Local Union No. 1 v. E.W. Howell Co., Inc.,* 126 F.3d 61 (2d Cir.1997). First, preemption applies where a state law refers to ERISA plans in the sense that it acts solely upon such plans or depends upon the existence of an ERISA plan as an essential part of its operation. Second, preemption applies even if a state law does not refer to ERISA but has a clear connection with a plan by mandating employee benefit structures and administration or by providing alternative enforcement mechanisms. ERISA preempts all state laws that relate to a benefit plan, not just state laws that purport to regulate an area expressly covered by ERISA. ERISA preemption is triggered where there is not just an indirect effect on administrative procedures but rather an effect on the primary administrative functions of the benefit plan. *Aetna Life Ins. Co. v. Borges,* 869 F.2d 142, 146–7 (2d Cir.), *cert. denied,* 493 U.S. 811, 110 S.Ct. 57, 107 L.Ed.2d 25 (1989).

In *Howard v. Gleason Corp.,* 901 F.2d 1154 (2d Cir.1990), a widow of a deceased employee filed suit against her husband's former employer, claiming improper notice of conversion rights pursuant to New York state law. The Second Circuit held the claim to be preempted by ERISA since the conversion right and right to notice were obtained solely through participation in an ERISA plan. Further, the state law imposed upon the administrator certain obligations similar to that of ERISA, and thereby intruded into an area that Congress intended to be fully occupied by ERISA. As noted in *Howard,* ERISA contains elaborate provisions setting forth the content and timing of notice of plan information to be given to plan participants, and therefore, a state law that purports to impose on an employer obligations of the same general type as those imposed by ERISA cannot be said to have an indirect effect upon the plan.

 In this instance, plaintiff's negligence claims concern the duties owed by the plan administrator. ERISA preemption is appropriate, since the liability of the defendants is dependent upon the existence of the ERISA plan and the interpretation of rights conferred by it. *See Devlin v. Transportation Commus. Int'l Union,* 173 F.3d 94, 101 (2d Cir. 1999)(claims involving the interpretation and design of an ERISA plan are preempted). The right to convert is part of a plan and governed by ERISA. *Howard,* 901 F.2d at 1158.

Further, plaintiff's negligence claims can be said to have a connection with an ERISA plan, since the negligence claims relative to the beneficiary's notice and conversion rights represent an attempt to seek relief pursuant to an alternate enforcement mechanism.

A state claim may be removed where it is wholly displaced by a federal statute through complete preemption. *Aetna*

*Health Inc. v. Davila,* 542 U.S. 200, 124 S.Ct. 2488, 2495, 159 L.Ed.2d 312 (2004). ERISA's civil enforcement provision, Section 502(a), 29 U.S.C. § 1132(a), has such a preemptive power. In *Davila,* the Supreme Court formulated the proper inquiry for determining whether ERISA preemption permits a valid basis for removal jurisdiction as 1) whether the plaintiff, at some point in time, could have brought the claim under ERISA § 502(a)(1)(B) [1], and 2) whether there is no other independent legal duty that is implicated by the defendant's actions.

Here, plaintiff is seeking a clarification of rights and recovery of benefits allegedly due under the life insurance plan. Accordingly, the *Davila* factors are satisfied: 1) Plaintiff, a plan participant or beneficiary, could have brought her case pursuant to Section 502(a)(1)(B) to enforce the beneficiary's notice and conversion rights, and the obligations of Day Berry & Howard as plan administrator; and 2) No other independent legal duty is implicated by defendant's actions. Removal was proper and the motion to remand will be denied.

## CONCLUSION

For the foregoing reasons, the motion for remand [doc. # 13] is DENIED. The plaintiff is directed to file an amended complaint within twenty-one (21) days of this ruling, conforming the allegations to state a cause of action pursuant to ERISA.

SO ORDERED.

1. Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), provides:
 A civil action may be brought-(1) by a participant or beneficiary... (B) to recover benefits due to him under the terms of his rights under the terms of the plan, or to clarify his rights under the terms of the plan. . . .